AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**FILED**
MAR 22 2013
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Case No. 13-MJ- 555 |
| | ) | |
| TERRANCE JUNOT III | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>January 1, 2013 to present</u> in the county of <u>Monroe</u> in the Western District of New York, the defendant violated <u>18</u> U.S.C. § <u>2251</u>, an offense described as follows:

the defendant did employ, use, persuade, induce, entice and coerce, and did attempt to employ, use, persuade, induce, entice and coerce, a minor, CW2 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and which visual depiction was produced using materials that had been mailed, shipped and transported in interstate and foreign commerce.

This criminal complaint is based on these facts:

X   Continued on the attached sheet.

Please see attached affidavit

_____
*Complainant's signature*

Barry W. Couch, S/A FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  3/22/13

_____
*Judge's signature*

City and State:  Rochester, New York

Hon. Jonathan W. Feldman, U.S. Magistrate Judge
*Printed name and title*

15MJ555

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

**AFFIDAVIT**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| COUNTY OF MONROE | ) ss: |
| CITY OF ROCHESTER | ) |

Barry W. Couch, Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice, Buffalo, New York, having been duly sworn, states as follows:

## I. INTRODUCTION

1. As a Special Agent of the FBI, I am an investigative or law enforcement officer of the United States, empowered to perform investigations and arrests related to violations of federal law, including violations of 18 U.S.C. § 2251, namely Enticement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. I have been employed as a Special Agent with the FBI since November of 2008, and am currently assigned to the Rochester, New York, Resident Agency of the FBI.

2. This affidavit is based on my investigation, and on information provided to me by members of the law enforcement community. Because this affidavit is being submitted for the limited purpose of establishing probable cause to grant the petitioned warrant, I have not included each and every fact known to me concerning the investigation. Instead, I have set forth only the facts which I believe are necessary to establish probable cause to believe that TERRANCE L. JUNOT III, has committed one or more violations of 18 U.S.C. § 2251, namely Enticement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

## II. INVESTIGATION

3. On March 16, 2013, the Greece Police Department was contacted by Cooperating Witness #1 (CW1), a resident of the town of Greece, within the Western District of New York. CW1 told police that she had looked at her thirteen year old daughter's, Cooperating Witness #2 (CW2), cellular telephone and

found numerous sexual text messages and picture messages from TERRANCE JUNOT III, referred to hereinafter as "JUNOT". JUNOT's date of birth is xx/xx/1976. CW1 showed the phone to the Greece Police Department and they observed hundreds of text and picture messages back and forth between JUNOT and CW2.

4. The messages included fully nude pictures of JUNOT. CW1 advised that the conversations between JUNOT and CW2 were being done through a phone application called "Tango" and through Facebook. The messages dated back to January 2013. JUNOT was referred to as "TJ" on the messages. One of the messages contained a full body nude picture of JUNOT standing in front of a mirror. CW1 positively identified the person in the picture as JUNOT. CW1 communicated to the Greece Police Department that her family, including CW2, has known JUNOT personally for several years, as they bowl together every Saturday night, among other things. CW1 advised that there have been times where JUNOT has been alone with CW2 and that JUNOT has driven CW2 home in the past.

5. CW1 provided the telephone to the Greece Police Department and gave consent for it to be searched. The phone is an AT&T Sony Xperia with Serial Number CB5A1K3W71. On the phone is printed "Made in China". On March 19, 2013, with the assistance of the Rochester Police Department, the phone was processed to obtain its content. The Tango chat messages between JUNOT and CW2 were located.

6. On March 19 and March 21, 2013, I reviewed the Tango chat messages. The chats were sexually explicit throughout. Several of the chats include pictures that JUNOT sent to CW2 of himself, to include pictures of his exposed penis. Several of the chats include JUNOT requesting that CW2 send sexually explicit pictures of herself to him. These chats include nude photos of a young female that CW2 sent to JUNOT, in response to JUNOT's requests. Some of the nude photos of the young female expose her vagina.

7. In a chat conversation between JUNOT and CW2 that was dated January 27, JUNOT states, "show me how wet u r". CW2 responds, "Ok holdon". CW2 shortly thereafter sends a picture of a female's vagina to JUNOT. In a chat conversation between JUNOT and CW2 that was dated March 1, there is talk about JUNOT going bowling. At one point, he states, "I promise if u send me a sexy pic now lol." JUNOT then sends CW2 a naked picture of himself. JUNOT shortly thereafter states, "I want u too where is my pix." JUNOT then sends CW2 a

picture of an erect penis. Shortly thereafter, JUNOT says, "ye really lol now send another lo." CW2 then sends a picture of a female's vagina to JUNOT.

8. On March 18, and March 20, 2013, CW2 was interviewed by a forensic interviewer for the Bivona Child Advocacy Center in Rochester, New York. The interviews were observed by Greece Police. During these interviews, CW2 confirmed that she did have sexually explicit chats with JUNOT via Tango on her cellular telephone. CW2 was shown the sexually explicit photographs identified in paragraphs 6 and 7 above, and she identified the images as being of her.

9. Your affiant has reviewed the images which CW2 identified, including close up photographs of the child's vagina. Based on my training and experience in the investigation of child pornography cases, these images are sexually explicit visual depictions of a minor and constitute child pornography, as defined by 18 USC Section 2256(8).

10. On March 21, 2013, your affiant interviewed JUNOT at his residence in Greece, New York. During this non-custodial interview, JUNOT admitted that he did in fact have the sexually explicit chat messages with CW2 via Tango on his cellular telephone. JUNOT confirmed that he went by the name "TJ". JUNOT explained that he had the chats with CW2 because CW2 was insecure and had a bad family situation. He further stated that CW2 wanted to share things with him, things that she probably should not share. When asked, JUNOT admitted to sending chats to CW2 asking her to send him sexually explicit pictures of herself. He also admitted that he had chats with her related to an occasion where he had masturbated.

11. JUNOT said he had known CW2 for a few years and he thought she was "like fourteen" (years old). JUNOT stated, "Everything was done for the wrong reasons." After JUNOT made this comment, I asked him if he ever thought that law enforcement would be coming to talk with him about his chats with CW2. JUNOT responded, "Absolutely. I know it's wrong."

## III. CONCLUSION

Wherefore, I respectfully request that this Court grant the annexed criminal complaint charging a violation of 18 USC 2251, in that, TERRANCE JUNOT III did employ, use, persuade, induce, entice and coerce, and did attempt to employ, use, persuade, induce, entice and coerce, a minor, CW2 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and which visual depiction was produced using materials that had been mailed, shipped and transported in interstate and foreign commerce.

_____
BARRY W. COUCH
Special Agent
Federal Bureau of Investigation

Sworn to before me this
13   day of March, 2013.

_____
HONORABLE JONATHAN W. FELDMAN
United States Magistrate Judge