IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                          13-CR-6137

TERRANCE JUNOT III,

Defendant.

_____



### PLEA AGREEMENT

The defendant, TERRANCE JUNOT III, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.       The defendant agrees to waive indictment and plead guilty to a one Count Criminal Information which charges a violation of Title 18, United States Code, Section 2422(b) (coercion and enticement of a minor) for which the **minimum possible sentence is a term of imprisonment of 10 years and the maximum possible sentence is a term of imprisonment of life**, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses as determined by the Court.  The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other

information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.      The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.  ELEMENTS AND FACTUAL BASIS

6.      The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> a. The defendant knowingly used a facility or means of   interstate commerce to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity;

> b. The defendant believed that such individual was less than 18 years of age; and

c. The defendant could have been charged with a criminal offense for engaging in the sexual activity.

## FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a. Between on or about January 1, 2013 and on or about March 22, 2013, in the Western District of New York, the defendant, Terrance Junot III, enticed a 13 year old child, known hereafter as "Victim", to engage in sexual activity.

b. Through a series of cellular telephone messages and online exchanges over the internet, a means and facility of interstate and foreign commerce, the defendant did persuade, induce and entice "Victim" to engage in sexual activity. If the sexual activity occurred, the defendant could have been charged with a criminal offense under the laws of the State of New York.

c. During these online exchanges, the defendant did also cause "Victim" to produce sexually explicit visual depictions of herself, which were transmitted using a means and facility of interstate and foreign commerce.

d. The defendant believed and knew that "Victim" was less than 18 years of age at the time he did so.

e. On or about March 17, the defendant learned that "Victim's" mother found out about his online contact with her child. As soon as he learned this, the defendant deleted the chat program he used to contact "Victim" from his cell phone along with all text messages and images sent to and received from "Victim". He did so knowing that law enforcement would be contacting him about this conduct.

## III.  SENTENCING GUIDELINES

8.     The defendant understands that the Court must consider but is not bound by the

Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

9.     The government and the defendant agree that Guidelines § 2G1.3 cross reference (c)(1) applies, and that therefore Guidelines §2G2.1 applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.     The government and the defendant agree that the following specific offense characteristics do apply:

a.     the two level increase pursuant to Guidelines § 2G2.1(b)(1)(B)
       (victim 12-14 years of age).

It is the government's position that the two level increase pursuant to Guidelines §2G2.1(b)(2)(A) (sexual contact) applies. It is the defendant's position that the offense does not involve sexual contact with the victim.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

11.     It is the government's position that the two level increase pursuant to Guidelines § 3C1.1 (obstruction of justice) applies. It is the defendant's position that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

12.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction (if Guidelines §2G2.1(b)(2)(A) and §3C1.1 apply) is **38.**

-5-

## ACCEPTANCE OF RESPONSIBILITY

13.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines §3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment pursuant to Guidelines §3E1.1(b), which would result in a total offense level of 35 (if Guidelines §2G2.1(b)(2)(A) and §3C1.1 apply).

## CRIMINAL HISTORY CATEGORY

14.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.     It is the understanding of the government and the defendant that, if Guidelines §2G2.1(b)(2)(A) and §3C1.1 apply, **with a total offense level of 35 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 168-210 months, a fine of $20,000 to $200,000, and a period of supervised release for up to life.**

If Guidelines §2G2.1(b)(2)(A) and §3C1.1 do not apply, **with a total offense level of 31 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 120-135 months, a fine of $17,500 to $175,000 and a period of supervised release of up to life.**

Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement. **The maximum term of imprisonment for the offense of conviction is life. The mandatory minimum term of imprisonment for the offense of conviction is 120 months.**

16.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

18.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the exploitation of children or the production, receipt, distribution or possession of child pornography which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

19.     The defendant understands that the government has reserved the right to:

a.     provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.     respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and

statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20.     At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 13-MJ-555.

21.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

22.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine, and supervised release period advocated by the government which is set forth in Section III, Paragraph 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release period advocated by the government which is set forth in Section III, Paragraph 15, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  FORFEITURE PROVISIONS
## COMPUTER FORFEITURE

25.     As a result of his conviction on the foregoing offense alleged in the Criminal Information, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), any visual depiction described in Title 18, United States Code, Section 2252A, or any property which contains any such visual depiction, and any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, and all property traceable to such property, including but not limited to the following:

(1)     Hewlett Packard Pavilion desktop computer with Identification Number MXK4260ZDH

(2)     Verizon LG Cell Phone with Identification Number LGA00000096944C

(3)     Motorola Cell Phone with Identification Number SJUG6100CE

26.     The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

27.     After the acceptance of this plea of guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a <u>Preliminary Order of Forfeiture</u> covering the items listed in Paragraph 24, above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

28.     The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

29.     The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence.  Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

30.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the previously listed assets.  The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

31.     The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed in Paragraph 24 as provided in this agreement.

## VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

32.     This plea agreement represents the total agreement between the defendant, TERRANCE JUNOT III, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, Jr.
United States Attorney
Western District of New York

BY: _____
CRAIG R. GESTRING
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Room 500
Rochester, New York 14614

Dated: September _18_, 2013

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, James V. Philippone, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
TERRANCE JUNOT III
Defendant
Dated: September 8 2013

_____
JAMES V. PHILIPPONE, ESQ.
Attorney for the Defendant
Dated: September 8, 2013