IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TERRANCE JUNOT III,

                Defendant.

13-CR-6137-FPG

**GOVERNMENT'S RESPONSE TO SUPPLEMENTAL MOTION FOR
COMPASSIONATE RELEASE**

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Meghan K. McGuire, Assistant United States Attorney, of counsel, hereby responds to the defendant's supplemental motion for compassionate release [Dkt. 40].

First, in Attachments A and B to the defendant's supplemental motion, he highlights references to sinusitis and an unspecified upper respiratory infection. These conditions are not on the Center for Disease Control and Prevention's list of conditions that create an increased risk of severe illness from COVID-19.[1] As such, the defendant has failed to carry his burden of establishing an extraordinary and compelling reason for a sentence reduction.

Second, as of the date of this filing, there were only 2 inmates and 7 staff members infected with COVID-19 at FCI Loretto. 58 inmates and 1 staff member had already

---

[1] Source: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last visited August 26, 2020.

recovered from the infection. There have been zero deaths at the facility.[2] As such, the "spike" in cases that the defendant alleges occurred at FCI Loretto has clearly abated. This is a testament to the effectiveness of the measures that the BOP took to control the spread of COVID-19 at FCI Loretto.

Third, the defendant's supplemental motion does not even address the government's proof the he continues to pose a danger to the community. He fails address basic questions raised in the government's opposition, such as whether he has obtained any sex offender specific treatment while incarcerated, whether anyone under the age of 18 is currently living in his proposed residence, and whether his proposed employment would bring him into contact with individuals under the age of 18. What details the defendant does provide about his proposed release actually raise more concerns about his dangerousness. For example, his proposed residence appears to be located less than a mile away from a middle school. As such, even if the defendant were able to establish extraordinarily and compelling reasons for a sentence reduction, his dangerousness bars him from being released.

Fourth, the defendant has not offered any evidence that a reduction in his sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a). "The Court weighed these factors when it imposed Defendant's original term of imprisonment." *United States v. Martin*, No. 15-CR-6132-FPG, 2020 WL 4361679, at *2 (W.D.N.Y. July 30, 2020). Nothing in the defendant's motion or supplemental motion demonstrates a change in either the § 3553(a) analysis or an extraordinary and compelling circumstance that outweighs the Court's original assessment of the § 3553(a) factors.

---

[2] Source: https://www.bop.gov/coronavirus/, last visited August 26, 2020

## **CONCLUSION**

For the foregoing reasons, the defendant's motion for compassionate release should be denied in all respects.   However, in the event the Court grants the motion, the government requests that the Court stay the Order and direct that the defendant be held in quarantine for 14 days and medically cleared before he is released in order to mitigate the risk of potential transmission of COVID-19 from the prison population to the public.

DATED:   August 26, 2020.

              JAMES P. KENNEDY, JR.
              United States Attorney

     BY:  s/MEGHAN K. McGUIRE
           Assistant United States Attorney
           United States Attorney's Office
           Western District of New York
           100 State Street, Suite 500
           Rochester, New York 14614
           585-399-3922
           Meghan.McGuire@usdoj.gov